ORDERED.

Dated: June 13, 2019

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Scott Smith | )   Case# 17-05935-RCT |
| | )Chapter 7 |
| | ) |
| Debtor(s) | ) |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTRERESTS PURSUANT TO 11 U.S.C. §§ 363(b), (f) and (m) , SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND PAY SECURED CREDITORS AND EXPENSES OF THE SALE (DOC. NO. 38)**

*277 Little Town Quarter Williamsburg, VA 23185*

THIS Motion came up for hearing on June 12, 2019, for the Court to consider the **CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF** (Doc. No. 38) filed by Chapter 7 Trustee, Traci K. Stevenson.

For the reasons stated on the record at the hearing, it is hereby:

**ORDERED** as follows:

    1.    The notice of the Motion is approved as proper and adequate under the circumstances.

    2.    The Motion is GRANTED.

The Trustee is authorized to sell the real property located at *277 Little Town Quarter Williamsburg, VA 23185* for $210,000.00, conditioned on the consent of its Secured Creditor, and in accordance with the terms provided for in the Motion.

    3.    The "Real Property" is legally described as:

ALL THAT CERTAIN' LOT, PIECE OR PARCEL OF LAND, WITH ALL IMPROVEMENTS THEREON AND APPURTENANCES THEREUNTO BELONGING, LYING AND BEING IN ROBERTS DISTRICT, JAMES CITY COUNTY, VIRGINIA, AND MORE PARTICULARLY DESCRIBED AS LOT 5 ON THE PLAT OF SUBDIVISION OF LITTLETOWN QUARTER - SECTION IV, DATED JULY 10, 1980, PREPARED BY LANGLEY AND MCDONALD, ENGINEERS, PLANNERS AND SURVEYORS, VIRGINIA BEACH, VIRGINIA, AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND JAMES CITY COUNTY, VIRGINIA, IN PLAT BOOK 36, PAGE 40. AND, IN ADDITION, THE PERPETUAL, NON¬EXCLUSIVE EASEMENT IN COMMON WITH OTHERS, FOR INGRESS AND EGRESS OVER AND ACROSS ALL STREETS AND ROADS SHOWN ON THE AFORESAID PLAT OF SUBDIVISION, OVER AND ACROSS KINGSMILL ROAD AS THE SAME IS DESCRIBED ON A CERTAIN PLAT DATED SEPTEMBER 6, 1973, ENTITLED, "BUSCH PROPERTIES, INC., PLAT OF RIGHT-OF-WAY AND DRAINAGE EASEMENTS FOR KINGSMILL ROAD", RECORDED IN THE AFORESAID CLERK'S OFFICE IN PLAT BOOK 31, PAGE 19, AND OVER AND ACROSS SOUTHALL ROAD AS THE SAME IS DESCRIBED ON A CERTAIN PLAT DATED AUGUST 1, 1974, ENTITLED, "PLAT" SHOWING UTILITY EASEMENTS TO BE DEDICATED TO JAMES CITY SERVICE AUTHORITY FROM BUSCH PROPERTIES, INC.", RECORDED IN THE AFORESAID CLERK'S OFFICE IN PLAT BOOK 32, PAGE 38, AND ADDITIONALLY DESCRIBED ON A CERTAIN PLAT DATED APRIL 9, 1976 ENTITLED, "PLAT SHOWING SANITARY SEWER EASEMENT TO BE GRANTED TO JAMES CITY SERVICE AUTHORITY FROM BUSCH PROPERTIES, INC."; RECORDED, IN THE AFORESAID CLERK'S OFFICE IN PLAT BOOK 33, PAGE 58. AND, IN ADDITION, THE EXCLUSIVE RIGHT, PRIVILEGE AND LICENSE TO USE THE GARAGE UNIT DESIGNATED ON THE AFOREMENTIONED PLAT OF SUBDIVISION BY THE NUMBER CORRESPONDING TO THE AFORESAID LOT NUMBER; SUCH RIGHT, PRIVILEGE AND LICENSE OF USE TO RUN WITH THE LAND AND TO INURE TO THE BENEFIT OF, AND PASS AS AN APPURTENANCE, TO, THE AFORESAID LOT.

PARCEL ID: 5040600005

    4.    The Trustee is authorized to pay the secured mortgage creditor, (also known as "Secured Creditor") the full amount of its lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

    5.    The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale,

including, executing a deed conveying the interests of the Debtor in the Real Property to the Buyer pursuant to the subject Purchase and Sale Agreement.

6.     Pursuant to 11 U.S.C. §363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. Scott Smith, Debtor
2. DiTech – serviced by Select Portfolio Servicing, Inc. (Mortgage Lienholder)
3. Kingsmill Community Services Assoc.

7.     This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8.     The Buyer has not assumed any liabilities of the Debtor.

9.     Authorized Disbursements at Closing:  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; (b) the amount of homeowners association, neighborhood association and property management services which are a lien or charge on the Real Property, and (c) other anticipated closing costs and costs of sale (estimated below):

| | |
|---|---|
| Total Sales/Brokers | |
| 2% to Fathom Realty | $4000.00 |
| 2% to Tidewater Premier Properties | $4000.00 |
| 2% to BK Global Real Estate Services | $4000.00 |

| | |
|---|---|
| Delinquent HOA dues/judgment | $11,011.39 |
| HOA estoppel and transfer fees | $625.00 |
| Bankruptcy Estate Fee to T. Stevenson, as Trustee for the Estate | $10,500.00 |

Without further order of the court, the Trustee is authorized to pay the closing costs related to the closing, title and lien searches, title insurance, wire transfers, transfer taxes and recording fees so long as they are within industry standard and the Trustee is authorized to pay necessary per diem alterations for disbursements that are subject to a per diem calculation. Further, as part of the closing process, the closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to make disbursements to the bankruptcy estate of the debtors as provided in paragraph 14 of this Order.

10.  Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

11.  Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

12.  This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

13.  The purchase and sale agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or

supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

14. The Court specifically determines that property of the bankruptcy estate as defined in 11 U.S.C. §541 includes any and all funds remaining after authorized closing disbursements are made ("Remaining Funds"). The closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to remit to the Trustee such Remaining Funds as part of the closing process.

15. The fourteen (14) day appeal period is waived and the Trustee is authorized to close upon the property upon issuance of this Order.

####

Trustee Traci Stevenson or Attorney on behalf of the Trustee is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.